Per Curiam.

Basically, in this appeal appellant claims that the Court of Appeals denied him due process and equal protection in that it did not properly consider his petition for habeas corpus.
The questions raised by appellant’s claimed errors by the Court of Appeals in relation to Ms unlawful detention and denial of effective assistance of counsel are determinable only as a matter of fact. There is neither a bill of exceptions from *358 the Court of Appeals, nor did the court make findings of fact and conclusions of law. Thus, there is nothing before this court upon which such claimed errors may be reviewed.
In the Court of Appeals, appellant urged that the indictment was void on the ground that in two different instances the same act was used for the purpose of charging two different offenses. This argument is directed at counts one and eight and counts six and seven of his indictment. It requires only an examination of these counts to determine that appellant’s contention is without merit. Count one charged appellant with assault with intent to rape, count eight with robbery of the same victim on the same day. Count six charged appellant with robbery of another female, count seven with rape of the same female on the same day.
Although, in both instances, the crimes were committed on the same day and possibly within a short interval of time, separate crimes were charged which by their very nature arose from different acts. The act of rape or assault with intent to rape bears no relationship to the act of robbery. These counts did not charge related, included or even similar offenses, nor did they charge separate crimes arising from the same act. These counts charged separate and distinct crimes arising from separate and distinct acts occurring during the same period of time. The fact that such crimes are committed on the same person does not make them any less separate and distinct crimes.
Next, appellant urges that count seven of his indictment was so vague that it was not subject to defense. This count read in part as follows:
“* * * do further find and present that the said Jeremiah Reed, on or about the 21st day of January 1950, within the county of Franklin aforesaid, in and upon one Joan Mercier, then and there being, unlawfully and violently did make an assault, and her, the said Joan Mercier, then and there, forcibly and against her will, unlawfully did ravish and carnally know, she, the said Joan Mercier, then and there being a female person other than the daughter or sister of him, the said Jeremiah Reed, and being of the age of twelve years, to-wit, of the age of thirty-eight years * *
Here, again, an examination shows that appellant’s con *359 tention is without merit. Such count charged rape under the statute. Section 12413, General Code (Sections 2905.01 and 2905.02, Revised Code), at the time of appellant’s conviction, read as follows:
‘ ‘ Whoever has carnal knowledge of his daughter, sister, or a female person under twelve years of age, forcibly and against her will, shall be imprisoned in the penitentiary during life; and whoever has carnal knowledge of any other female person forcibly and against her will shall be imprisoned in the penitentiary not less than three years nor more than twenty years.”
This count charged appellant with rape under the second part of this section, definitely eliminating from such charge the provisions of the first part which provided for a life sentence.
Finally, petitioner urges that his sentence was void because the sentence under each count was made to run consecutively with the sentences under the other counts, and because the court did not make definite the amount of time appellant was to serve.
It is within the discretion of the trial court, when imposing sentences for multiple offenses, whether the sentences thereon shall run consecutively or concurrently. King v. Maxwell, Warden, 173 Ohio St., 536; and Williams v. State, 18 Ohio St., 46.
The fact that the trial court did not set definite times for such sentences to run did not affect their validity. In fact, to have done so would have been erroneous. Under Section 2166, General Code (Section 5145.01, Revised Code), sentences were required to be general and indefinite, and the failure to state the minimum and maximum of the penalty assessed did not affect the validity of the sentence itself. Carmelo v. Maxwell, Warden, 173 Ohio St., 569.
There being no error apparent in the record, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.